UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES DEFENSE
COUNCIL, et al.,

    Plaintiffs,

  v.

KIRK C. RODGERS, etc., et al.,

    Defendants.
_____/

NO. CIV. S-88-1658 LKK

O R D E R

Following oral argument on issues relating to the Endangered Species Act on April 13, 2005, a Status Conference was held in the above-captioned case. At that conference, the parties discussed with the court dates and deadlines relating to the remaining causes of action and remedies. As a result of that discussion, the court hereby makes the following ORDERS:

    1. All previously-set dates are VACATED.

    2. All parties are directed to file discovery statements which comply with Fed. R. Civ. P. 26(f) by April 22, 2005 at 4:00 p.m. A Rule 26(f) Conference is SCHEDULED for April 28,

1

2005 at 10:00 a.m. in Courtroom No. 4.

3.  All parties are ordered to re-file a consolidated brief relating to liability under NEPA, the remaining Reclamation Act claim, and for remedies <u>not</u> relating to the first cause of action by May 9, 2005 at 4:00 p.m.[1]  A hearing relating to those issues is SET for July 27, 2005 at 10:00 a.m.[2]

4.  At the time of electronic filing, all parties shall provide courtesy paper copies of the consolidated brief (representing either their motions for summary judgment/adjudication or opposition), Statements of Undisputed Facts (SUFs) or Response SUFs, to be delivered directly to the chambers of the undersigned.

5.  Plaintiffs and Friant defendants are ordered to reorganize their SUFs to represent the NEPA claim, remaining Reclamation Act claim, and remedies pertaining to these claims and the ESA claims, and are directed to circulate their SUFs with the other parties within five days of this order so that they may file Response SUFs which respond numerically to these SUFs.[3]

---

[1] The parties are admonished that no new arguments will be entertained.  Any attempt to add additional arguments in their consolidated briefs may be grounds for the imposition of sanctions.

[2] At the hearing, the court directed the parties to file their brief by April 27, 2005 and the administrative record by May 9, 2005.  The court also scheduled the hearing for May 26, 2005.  Those dates, as well as the date for Pretrial Conference, have been modified, as set forth in this order.

[3] In the last round of briefing, the parties opposing the cross-motions for summary judgment/adjudication were forced to

1   6.   At the time of filing the consolidated briefs and
2 related SUFs and Response SUFs, all counsel are ordered to e-
3 mail a copy (in Word or WordPerfect format) to the Judge's
4 assistant, Tim Hinkle, at thinkle@caed.uscourts.gov.
5   7.   All parties are ordered to provide courtesy paper
6 copies of the excerpts of the administrative record cited to in
7 the SUFs and Response SUFs, to be delivered directly to chambers
8 by May 9, 2005 at 4:00 p.m.  In order to avoid confusion and to
9 assist the court with adjudication of this case, the parties are
10 ordered to contact the chambers of the undersigned <u>before</u>
11 organizing the excerpts of the administrative record.
12   8.   A Pretrial Conference is SCHEDULED for January 19, 2006
13 at 10:00 a.m. and a trial is SCHEDULED for February 14, 2006 at
14 10:30 a.m. in the above-captioned case.
15   IT IS SO ORDERED.
16   DATED:  April 18, 2005.
                              /s/Lawrence K. Karlton
17                            LAWRENCE K. KARLTON
                              SENIOR JUDGE
18                            UNITED STATES DISTRICT COURT

---

speculate as to which facts were material, which resulted in SUFs and Response SUFs which did not respond numerically.  The court also notes that it will consider only plaintiffs' and Friant defendants' motions for summary judgment/adjudication for the last two rounds of briefing.  Although intervenors filed a motion for summary judgment/adjudication, their motion related only to the third, portions of the seventh, and the eight causes of action, which were dismissed with prejudice the court's January 20, 2005 hearing.  To clarify, intervenors may file an opposition in this round of briefing, not a motion for summary adjudication.

3