IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES DEFENSE
COUNSEL, INC., et al.,

    Plaintiffs,                    No. CIV S-88-1658 LKK GGH

    vs.

KIRK RODGERS, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        On the morning of July 15, 2005, the undersigned's chambers received a call, somewhat excited in nature, concerning the averred inadvertent production of privileged documents by defendant Friant Water Users Authority to plaintiff NRDC. Due to the sensitive nature of the production, and the potential for inappropriate dissemination of privileged information, the undersigned directed the concerned parties to participate in an unrecorded telephonic conference at 3:00 p.m. on the matter.

        At 3:00 p.m. the following counsel participated in the call: Katherine Poole, Hamilton Candee, Adam Wolf, James Thompson, Jennifer Buckman, Maria Iizuka, Daniel O'Hanlon, John Rubin, and Michael Sexton.

\\\\\

1  Counsel for Friant, James Thompson, represented the following. The parties have
2  produced electronic versions of their initial disclosure productions as ordered in the Discovery
3  Plan Order and Schedule of May 3, 2005. As luck would have it, Friant's electronic production
4  was difficult or impossible to open and read; it was not searchable. Friant forwarded an
5  "improved" version of its initial disclosures; however, as [bad] luck would have it again, Friant's
6  digital reproduction company inadvertently scanned, or otherwise electronically reproduced, the
7  files of Friant's long-time general counsel in place of a technically "improved" version of the
8  initial disclosures. These discs were give to counsel for Friant by the reproduction company with
9  the incorrect designation, i.e., the discs were not the improved version of the initial disclosures as
10 indicated, but rather the discs of the general counsel files, and presumably privileged material.
11 The mislabeled discs were then produced to NRDC.
12  Upon reviewing the newly sent discs, Ms. Poole, counsel for NRDC, and/or others
13 on the NRDC attorney staff, recognized that they had inadvertently been sent possibly privileged
14 material. To their credit, counsel for NRDC contacted counsel for Friant with this information.
15 However, counsel could not agree on the procedures for return of the potentially privileged
16 information. Friant demanded that the entire inadvertent production be returned. NRDC
17 believed, based on its limited review, that many of the documents were not privileged, and the
18 non-privileged documents, inadvertently produced or not, did not have to be returned. NRDC
19 believed that Friant should produce a privilege log for the inadvertently produced general counsel
20 files, and disputes over the designation could then be adjudicated. Friant countered that because
21 the inadvertent production had taken place in connection with the Fed. R. Civ. P. 26 initial
22 disclosure process, i.e., production of only those documents which Friant was going to use in its
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

defense, these general counsel files would never have been listed, and no privilege log was required to be made in connection with initial disclosures.[1]

At the end of the phone conference, the undersigned ordered:

1. That the inadvertently produced discs be returned to Friant counsel; all copies of the discs, or printouts therefrom, were either to be returned or destroyed;[2]

2. Counsel for Friant was to preserve all returned materials as they were received from NRDC counsel until further order of the court.

Thus, the issue is whether non-privileged Friant documents, or other information, obtained by NRDC counsel, through no improper conduct on NRDC's part, must be returned by NRDC, or in this case, whether because of the court's interim order, the non-privileged documents may be sent back to NRDC. Of course, lurking in the background is the specter of a huge disagreement on what information would be considered privileged.

First, federal law is applied to privilege questions because the claims in this suit, at the very least, are a hybrid of federal and state law claims. Agster v. Maricopa County, 406 F.3d 1091, 1094 (9th Cir. 2005). This does not mean, however, that state law is irrelevant. To the contrary, state law may be very persuasive when it deals with similar situations, but it is only persuasive.

NRDC does not contend, or seriously contend, that the privileged documents inadvertently produced lost that status through waiver. Applying the multi-factor test of inadvertent waiver, see Eureka v. Hartford Acc. And Indem.Co, 136 F.R.D. 179, 184 (E.D. Cal. 1991), the court easily decides that based on the undisputed facts of the manner in which the

---

[1] The facts recounted here are supported by the Friant filings of July 15, 2005. Normally, NRDC would be permitted to file whatever it wished in response. NRDC was heard on the facts at phone conference on July 15. However, the issues here revolve about, not the facts themselves, but the legal sequellae from practically undisputed facts.

[2] No other party had been served with the "technically improved version" of Friant's initial disclosures.

3

1  inadvertently produced documents were sent to NRDC, no waiver of privileged material was
2  effected.[3]

3       The issue is much closer with respect to documents which would not be
4  considered privileged. NRDC relies upon <u>Aerojet General v. Transport Indem. Ins.</u>, 18 Cal. App.
5  4th 996, 22 Cal. Rptr. 2d 862 (1993). In this case, an attorney (DeVries) for a party was given
6  documents from an Aerojet employee, which apparently should not have been disclosed because
7  of a court ordered stay of discovery. The information contained both privileged and non-
8  privileged material. The precise manner in which the "confidential" information found its way to
9  DeVries is not important for the issues in his case. The only information DeVries was interested
10 in was an assertedly non-privileged document(s) concerning the identification of a witness. The
11 trial court sanctioned DeVries for not timely disclosing to his adversaries that he had obtained the
12 privileged and non-privileged information. Of pertinence to the issue here, the appellate court
13 found that DeVries was under no obligation to refrain from viewing non-privileged information
14 which he had received through no misconduct of his own, and indeed, was under a duty to his
15 client to review it.

> If the underlying information which respondents sought to prevent
> plaintiffs from using is not privileged, and if such information was
> revealed to plaintiffs' counsel through no fault or misconduct of
> his own, plaintiffs and their counsel were entitled to use it.

<u>Aerojet General</u>, 18 Cal. App. 4th at 1005, 22 Cal. Rptr. 2d at 867.

---

[3] (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the "overriding issue of fairness." The facts herein describe little, if any, negligence on the part of Friant, and these documents were in no way mandated to be disclosed in Friant's initial disclosures where it determines the documents relevant to its defense. With respect to the documents which are in fact privileged, it has taken little time to rectify the error. Finally, although the extent of the disclosure has been large, it hardly seems fair, given the circumstances, to penalize Friant for the acts of its digital reproduction company. Moreover, the proposed federal rules on electronic discovery (proposed Fed. R. Civ. P. 26(b)(5)(B)) anticipate that there may be much inadvertent disclosure in situations where voluminous electronic discovery has occurred, and the proposed rules lean towards forgiving such inadvertent disclosures. Although this proposed rule is subject to comment and amendment, the undersigned finds its use persuasive herein.

1       The court desires briefing from Friant and NRDC on the issue of whether, under federal law, NRDC, having received possession of the general counsel documents through no misconduct of its own, is entitled to retain (or in this case because of the court's interim order—have sent back to NRDC) the non-privileged documents.[4]  This briefing is to be filed no later than July 28, 2005, and shall be limited to fifteen pages.

      IT IS SO ORDERED.

DATED: 7/15/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
nrdc1658.ord

---

[4] From a logistical standpoint, the court could have simply frozen the parties in place with respect to retention of the errant discs pending further order.  However, because most of the documentation may well be privileged, the court ordered the entire discs returned to Friant pending adjudication of the non-privileged issue with the caveat that the discs, and any hard copy information, be preserved.  NRDC has not in any sense waived its position that it was entitled to keep the non-privileged information.