IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES
DEFENSE COUNSEL, INC., et al.,

     Plaintiffs,                  No. CIV S-88-1658 LKK GGH

     vs.

KIRK RODGERS, et al.,

     Defendants.              ORDER

_____/

        Previously pending on this court's law and motion calendar for September 16, 2005, was a "mid-course" discovery conference. Also pending was Friant's Ex Parte Application for relief regarding expert data disclosure, filed September 9, 2005. At hearing, the court made the following rulings.

I. Friant's Ex Parte Application For Relief Regarding Expert Data Disclosure

        Because Friant had not received all data considered by NRDC's experts, Friant was granted an extension of time to file supplemental expert reports by Friday, September 23, 2005. Friant understood that the extended date was given to *supplement* its reports with NRDC witness information which it had not received prior to the filing of Friant reports.

\\\\\

1

II. <u>Discovery Schedule</u>

    A. <u>Limiting number of Non-Retained Experts and Additional Fact Witnesses</u>

NRDC was concerned that it would not be able to prepare adequately for trial due to the number of defendants' proposed witnesses, including Friant's 19 non-retained experts, plus 72 other potential percipient witnesses identified by Friant, and 47 witnesses identified by the federal defendants as potential percipient witnesses.

As a means to winnow down defendants' factual and hybrid witness lists, the court ordered disclosure of preliminary witness lists. The parties were directed to simultaneously file and serve an initial disclosure of non-designated expert witnesses by September 23, 2005. Supplemental simultaneous disclosures are to be filed and served by September 30, 2005.

The parties have now filed updated witness lists which indicate a significant paring down of the number of witnesses. In addition, Friant has further indicated that it has withdrawn several hybrid (percipient and Rule 26) experts.

    B. <u>Non-Retained Expert Witness Reports</u>

In the initial scheduling order, the court defines at some length the difference between percipient experts, and Rule 26 experts who could be both percipient and Rule 26 designated-for-trial experts. The difference between the two was explained as percipient experts could testify to historical opinions that were disseminated in the past while Rule 26 experts are persons who formulate opinions for the purposes of the litigation. Of course, it is possible that one person could be both. The court was not in a position at hearing to determine the precise status of each person listed. Rather, if a percipient expert attempts to give a present opinion, and no report was filed for that witness, Judge Karlton will assess what, if any, ramifications will flow from the violation of Rule 26(a)(2)(B).

    C. <u>Duration of Depositions</u>

After the parties meet and confer, plaintiffs agreed to produce their experts for deposition for one seven hour day for each set of defendants, for a total of two days. If any party

seeks relief from the seven hour each limit, the undersigned will be available by telephone during the deposition time period.

    D. <u>Numbering of Deposition Exhibits</u>

The parties agreed to use a block system of numbering so that each witness will be designated a sequential block of numbers to be used by all parties in connection with that witness. Of course, exhibits utilized in previous depositions need not be renumbered. The purpose of this numbering system is to not have the same exhibit identified by numerous exhibit numbers.

    E. <u>Production of Documents at Depositions</u>

All parties agreed to a shortened time of 15 days for noticing a deposition that includes a request for production of documents.

    F. <u>Setting Dates of Depositions</u>

The parties were ordered to meet and confer the week of September 26, 2005, if not sooner, to set dates for depositions.

    G. <u>Production of Documents For Which Claim of Privilege Withdrawn by Friant</u>

Unless otherwise specified in the prior order, and except as referenced in Friant's September 27, 2005 Request for Clarification (which will be the subject of a separate order), all non-privileged documents shall be produced by Friant forthwith.

    H. <u>Extension of Discovery Cutoff Regarding Deposition Matters</u>

Discovery cutoff for deposition issues shall be extended to December 12, 2005. No other motion dates are extended.

Accordingly, IT IS SO ORDERED.

DATED: 9/28/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
NRDC1658.exp