1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10   NATURAL RESOURCES DEFENSE
     COUNCIL, et al.,
11                                         NO. CIV. S-88-1658 LKK
               Plaintiffs,
12                                         O R D E R
         v.
13

14   KIRK C. RODGERS, etc., et al.,

15             Defendants.
                                        /
16

17        On July 28, 2005, this court issued an Order on Motion for

18   Summary Judgment relating to the Endangered Species Act.  In due

19   course, plaintiffs moved for reconsideration of the court's

20   order granting summary judgment to defendants relative to

21   plaintiffs' causes of action concerning an asserted requirement

22   of reinitiation of consultation.

23        The parties agree on what circumstances permit

24   reconsideration, and the court will not pause to further address

25   the matter save to note that either new law or plain error

26   suffices.  I do note, however, the government's contention that,

                                   1

1   given the court's finding that the BOs in issue were arbitrary

2   and capricious, plaintiffs' claims regarding reinitiation are in

3   effect moot.  On the one hand, the government's position seems

4   correct; on the other hand, this court's determination is hardly

5   the last word on the subject, and while the court feels

6   confident it has done its best to resolve the difficult issue at

7   bar, I cannot ignore the possibility of error.  If the Ninth

8   Circuit were to so conclude, the record on the reinitiation

9   issue should be complete so as to avoid remand for further

10  consideration.  For that reason, the court now proceeds to

11  resolve the motion.

12      For the reasons expressed in the defendants' opposition,

13  the court concludes, as they maintain, that <u>Washington Toxics</u>

14  <u>Coalition v. E.P.A.</u>, 413 F.3d. 1024 (9th Cir. 2005), does not

15  constitute new law bearing on the instant case.  The facts at

16  issue there, and the facts at issue in the matter at bar, are

17  entirely disparate, and as the government noted, the

18  Circuit explained that for that reason "EPIC did not apply

19  here."  <u>Id.</u> at 1033.[1]

_____

[1]   <u>Washington Toxics</u> is inapposite to the instant case in
21  another respect.  The question at issue in <u>Washington Toxics</u> was
    whether the EPA was required to engage in consultation with the
22  National Marine Fisheries Service before registering pesticide
    active ingredients that could have affected listed species, whereas
23  the issue upon which plaintiffs base this motion to reconsider is
    whether federal defendants were required to *reinitiate* consultation
24  after a decision was issued by Judge Wanger in 2002.  As I noted
    in the order issued on July 28, 2005, the standards as to whether
25  reinitiation of formal consultation is required is set forth under
    50 C.F.R. § 402.16.  Whether an action agency is required to
26  consult with the appropriate consulting agency to ensure that the

1     The question concerning manifest error is more difficult.

2  Here, the question is two-fold: (1) whether O'Neil v. United

3  States, 50 F.3d. 677 (9th Cir. 1995), compels a different

4  result; and (2) whether the court overlooked language retaining

5  discretion or control over the delivery of water for purposes of

6  protecting endangered species, either by virtue of specific

7  contract action or law.  E.P.I.C. v. Simpson Timber Co., 255

8  F.3d 1073 (9th Cir. 2001).  I begin by noting that, as the

9  government maintains, the issue in O'Neil is the liability of

10 the government for withholding water, an issue which is

11 different from whether the contract contains specific provision

12 for withholding additional water for environmental purposes

13 where there are changed circumstances.  Thus, O'Neil does not

14 directly require reconsideration.  Nonetheless, as I now

15 explain, O'Neill does bear upon the question of discretion.

16     The much more difficult issue tendered by plaintiffs'

17 motion is whether there is, in fact, the kind of discretion

18 required to permit reinitiation.  All parties agree that, as in

19 O'Neil, the Bureau retains the power to alter water delivery "to

20 meet legal obligations," without incurring liability.  Art. 12,

21 Friant Dam Contracts.  Judge Wanger's determination is a legal

22 obligation.  Accordingly, the government may alter deliveries to

23

24 federal action is not likely to jeopardize the continued existence
   of an endangered or threatened species and that the action will not
25 result in adverse modification of the designated critical habitat
   is governed by 16 U.S.C. § 1536 and 50 C.F.R. § 402.14.  Order at
26 19-20, 72.

1    accommodate that decision.  On the other hand, Judge Wanger's

2    decision addresses the entire Central Valley Project, and not

3    just the water delivery under the contracts at bar.  In sum, it

4    cannot be said with certainty that ". . . the identified action

5    is subsequently modified in a manner that causes an effect to

6    the listed species or critical habitat in a manner or to an

7    extent not previously considered in the biological opinion,"

8    E.P.I.C. 255 F.3d at 1076, thus giving rise to an obligation to

9    re-consult.  If, in fact, the government decides that, by virtue

10   of Judge Wanger's decision, it must reduce the amount of water

11   diverted from these contracts to the Delta for aiding in

12   preservation of fish, then the issue becomes ripe for

13   reinitiation.  I thus conclude that the previous decision is not

14   clearly erroneous, and the motion for reconsideration must be

15   DENIED.[2]

16        IT IS SO ORDERED.

17        DATED:  October 5, 2005.

18
                                    /s/Lawrence K. Karlton
19                                  LAWRENCE K. KARLTON
                                    SENIOR JUDGE
20                                  UNITED STATES DISTRICT COURT

21

22

23

24

25        [2]  Given the above disposition, the court need not consider
     whether, as Friant defendants maintain, the issue has been waived
26   by plaintiffs.

                                    4