IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES DEFENSE
COUNSEL, INC., et al.,

      Plaintiffs,                    No. CIV S-88-1658 LKK GGH

  vs.

KIRK RODGERS, et al.,

      Defendants.                <u>ORDER</u>
_____/

        On September 26, 2005, Friant defendants filed a request for clarification of this court's September 16, 2005 order. NRDC has now filed a response.

        This court's order of September 16, 2005 addressed whether Friant waived privileges associated with inadvertently disclosed documents by Friant to NRDC.[1] The documents at issue had been disseminated to, or created by, a variety of Friant's designated experts. After in camera review, the court determined that

> (1) when a party determines to disclose otherwise privileged information with a party's testifying expert, there is no valid

---

[1] Of course, as the previous order discussed, both parties had long ago agreed that no privileges had been waived by the inadvertent production per se. However, in the ensuing dispute about the production of non-privileged documents, the issue evolved into a determination whether privileges had been waived on account of the dissemination/creation of privileged documents to or by Friant's designated experts.

1

>purpose allowing that expert to testify in matters where the disclosed information had (or in the exercise of common sense, must have had) a substantial impact on the substance of the expert's testimony-but without reference to, or cross-examination on, the otherwise privileged, disclosed information. In a related vein, (2) a previously undisclosed consultant, be that consultant employed by a party or retained, will not be permitted to feign ignorance upon designation to testify as an expert with respect to privileged information, previously known or disclosed, but purportedly "undisclosed" to that expert after his designation, but which nevertheless, in the exercise of common sense has some present, substantial impact (either positive or negative) on the testimony of that witness.

Order, filed September 16, 2005, at 7.

The court found that a number of otherwise privileged documents fell into the categories set forth above, and ordered their disclosure. With respect to one expert, the court viewed the privileged documents to be of such sensitivity that it offered Friant the choice of de-designation of the expert (thereby saving the privilege), or using the expert but disclosing the documents.

Friant now contends that it has withdrawn designations of various employees and managers who were previously described as hybrid witnesses (both percipient experts and Rule 26 experts), and therefore the order requiring disclosure of documents reviewed by them should be inoperative. Friant especially requests clarification as to the court's order respecting document number 280, explaining that the court previously found that it did not sufficiently relate to Richard Moss' expert testimony to require its disclosure, yet later found that it should be disclosed because other non-retained experts had ostensibly reviewed it. Friant now represents that as a result of its withdrawal of the designation of certain non-retained experts, its obligation to produce this document is negated because it has now not been considered by any Friant Rule 26 designated expert.

NRDC expresses its primary concern that Friant has redesignated its previously designated Rule 26 experts as merely percipient experts as a ruse in order to avoid having to produce documents, but that Friant will attempt to elicit expert testimony from these witnesses

anyway. For example, NRDC points out that Mr. Upton, a former non-retained expert who was copied on privileged documents, is now named as a percipient witness to testify about the impact on his farm. NRDC wonders why one of hundreds of other farmers in the area, who had not received privileged documents, could not testify to these matters.

In regard to the major issue here-- Friant's withdrawal of previously designated experts who are now named as percipient experts-- the court understands NRDC's concern, but can not rule in an advisory fashion. This court's order was limited to addressing the motion at hand, disclosures to designated experts, and specifically declined to fashion a rule for non-Rule 26 witnesses. Order, filed September 16, 2005, at 8 n. 6. At hearing, the court discussed what it considered Rule 26 expert testimony in comparison to percipient testimony. A percipient expert can testify to the whys and wherefores of *previously expressed opinions*. However, if the percipient witness attempts to express opinions at trial not linked to past opinions, e.g., if he testifies to the effect of a loss of a certain amount of water on his farm based upon his review of data and other typical expert information, it may be that he is now simply expressing an opinion for the purposes of litigation. Without knowing the precise nature of the proposed testimony, this court can not rule. Suffice to say that Judge Karlton will not permit the charade of a non-Rule 26 designated "percipient" expert testifying as if he were a designated Rule 26 expert. Of course, the trial judge must determine whether the witness is expressing an opinion at all.[2] The extent of these "percipient" experts' testimony must be fleshed out through discovery so that the parties can frame their arguments before the district court.

Therefore, in view of the basis of the court's previous ruling, primarily based on the rule that documents disseminated to Rule 26 experts cannot maintain a privileged status, the court will modify its order requiring production as set forth below. Friant has withdrawn its

---

[2] If a farmer testifies that his crops need water or they will die, the undersigned does not see much of a Rule 26 issue for this testimony. If on the other hand, he testifies that based on his expertise and review, a particular drip system will not supply enough water for a certain type of plant, the issue is much closer.

designation of certain Rule 26 witnesses which will have an adverse effect; NRDC should not now have access to documents it would not have otherwise had a right to review.

NRDC also asserts that documents 142, 260, and 262 must be produced because they were in fact received by presently designated experts, and these documents had a likely effect on the expert's testimony. NRDC is correct.

Finally, NRDC asserts that document 268 should be produced as it was disclosed to third party government officials. While the court permitted one metamorphosis of issues, it declines to recognize yet another– the waiver of privilege as a result of disclosure, not to experts, but to third parties. If there exists such an issue NRDC may raise it by separate motion. Document 268 need not presently be produced.

Accordingly, IT IS ORDERED that:

1. Friant is not required to produce document the following documents: 16, 61, 63, 65, 82, 129, 130, 132, 133, 146, 150, 151, 153, 154, 157, 179, 202, 219, 220, 224, 235, 258, 259, 263, 265, 268 and 280.

2. Friant shall produce documents 142, 260, and 262.

3. Documents to be produced pursuant to this and previous orders shall be produced, if they have not already been produced, no later than October 20, 2005;

4. The undersigned will not entertain any further motions, requests for clarifications and the like arising out of this or previous, related orders except as noted above for document 268.

DATED: October 17, 2005

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
NRDC1658.cla

4